IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMPLE BUSINESS INVESTMENTS, L.P., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-10-0802 |
| AMERICAN STATES INSURANCE COMPANY, TAMARIN RILEY, and RAYMOND GAYLORD ASHBY, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Ample Business Investments, L.P. ("ABI") brings this action against American States Insurance Company ("ASIC"), Tamarin Riley, and Raymond Gaylord Ashby alleging breach of contract, violations of the Texas Insurance Code, violation of the Texas Deceptive Trade Practices Act ("TDTPA"), and common law fraud concerning the defendants' handling of ABI's insurance claim for property damage sustained during Hurricane Ike in 2008. Pending before the court is Plaintiff's Opposed Motion to Remand (Docket Entry No. 7), which argues that removal on diversity grounds was improper because ABI and defendant Riley are both residents of Texas. For the reasons explained below, the court will grant ABI's motion.

## I.  Factual and Procedural Background

This action concerns a dispute over a Hurricane Ike insurance claim. On September 13, 2008, Hurricane Ike struck southeast Texas

and damaged certain property owned by ABI at 777 Sheldon Road in Channelview, Texas.[1]  ABI is a limited partnership domiciled in Texas.[2]  The damaged property was insured by ASIC.[3]  ASIC is an Indiana insurance company with its principal place of business in Seattle, Washington.[4]  After the hurricane ABI made a claim on the insurance policy for damage to the property.[5]  ASIC assigned its employees Riley and Ashby to work on ABI's claim.[6]  Riley is an individual who resides in Texas.[7]  Ashby is an individual who resides in Alabama.[8]

A dispute arose between the parties over ASIC's handling of the claim, and on January 27, 2010, ABI filed this action in Harris County District Court.[9]  On March 10, 2010, ASIC removed the action to this court on the basis of diversity jurisdiction (Docket Entry No. 1).  ASIC alleged in the Notice of Removal that ABI was

---

[1]Plaintiff's Original Petition, Exhibit A attached to Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(a) (Diversity) ("Notice of Removal"), Docket Entry No. 1, ¶¶ 12-13.

[2]Id. ¶ 2.

[3]Id. ¶ 3.

[4]Notice of Removal, Docket Entry No. 1, at ¶ 4.

[5]Plaintiff's Original Petition, Exhibit A attached to Notice of Removal, Docket Entry No. 1, ¶ 14.

[6]Id. ¶ 15.

[7]Id. ¶ 4.

[8]Notice of Removal, Docket Entry No. 1, at ¶ 4.

[9]Plaintiff's Original Petition, Exhibit A attached to Notice of Removal, Docket Entry No. 1, p. 1.

seeking an award greater than the $75,000 minimum for diversity jurisdiction.[10]   ABI confirmed this allegation in a letter on March 29, 2010, in which it specified that its total demand as of that date was $2,590,000.[11]   ASIC also alleged in the Notice of Removal that there is complete diversity between the parties because "the Texas citizenship of Defendant Riley must be disregarded because she has been improperly joined to defeat diversity."[12]

On April 1, 2010, ABI moved to remand, arguing that Riley was properly joined as a defendant (Docket Entry No. 7).   ASIC filed a Response on April 21, 2010 (Docket Entry No. 8).   The issue before the court is whether Riley, a Texas citizen, was properly joined in the lawsuit, thereby defeating diversity jurisdiction.

## II.  **Applicable Law**

### A.   **Standard of Review**

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed.  28 U.S.C. § 1441.  The removing party bears the burden of establishing that a state court suit is properly removable to federal court.  See Delgado v. Shell Oil Co., 231 F.3d 165, 178 n.25 (5th Cir. 2000); see also Coury v. Prot, 85 F.3d 244,

---

[10]Notice of Removal, Docket Entry No. 1, at ¶ 3.

[11]Letter from William Lundquist to Catherine Hanna, dated March 29, 2010, Docket Entry No. 5, p. 3.

[12]Id. ¶ 6.

248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). Doubts about the propriety of removal are to be resolved in favor of remand. Manguno v. Prudential Prop. & Cas. Ins., 276 F.3d 720, 723 (5th Cir. 2002).

**B.   Improper Joinder**

If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b). A case may be removed despite the presence of a resident defendant if the removing defendant shows that the resident defendant was fraudulently or improperly joined. Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). The burden of persuasion on those who claim fraudulent joinder is a heavy one. Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003). To establish that a nondiverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 1825 (2005). "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no

possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant." Id. at 573.  All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the plaintiff's favor.  Guillory v. PPG Industries, Inc., 434 F.3d 303, 308 (5th Cir. 2005).

### III.  Analysis

ABI has moved for remand, arguing that removal of this action was improper because it failed to meet the requirement that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  ABI argues that because Riley is a citizen of Texas and because Riley was properly joined, diversity jurisdiction under 28 U.S.C. § 1332(a) does not exist.  ASIC argues that Riley's citizenship should not be considered because Riley was not properly joined.  First, ASIC argues that ABI's actions "evidence a lack of intent to pursue individual claims against Riley."[13]  Second, ASIC argues that ABI's complaint fails to allege facts sufficient to support recovery against Riley.

---

[13]Defendant American States Insurance Company's Response to Plaintiff's Motion to Remand ("ASIC's Response"), Docket Entry No. 8, p. 3.

Because the parties do not dispute that the jurisdictional minimum has been met or that Riley and ABI are both citizens of Texas, the only issue in contention is whether Riley was properly joined. ASIC has not alleged that there has been fraud in the pleading of jurisdictional facts. Therefore, in order to establish that Riley was improperly joined ASIC must prove that there is no reasonable possibility that ABI will be able to establish a cause of action against Riley in state court. See Smallwood, 385 F.3d at 573. If ASIC fails to meet the "heavy" burden of establishing that Riley was joined improperly, the court must remand the action. See Travis, 326 F.3d at 649.

**A.   ABI's Complaint Against Riley**

ABI's complaint brings some claims only against ASIC, some claims only against Riley and Ashby, and some claims against all defendants. The allegations in ABI's complaint concerning Riley are as follows:

> 15. Subsequent to Plaintiff making the Claim, Defendant ASIC assigned its employees and/or agents Defendant Riley and Defendant Ashby to work on Plaintiff's Claim. All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's Claim. . . .
>
> . . .
>
> 21. Defendant Riley and Defendant Ashby were adjusters assigned by Defendant ASIC to adjust the Claim, and were charged with investigating the Claim and communicating with the insured about Policy terms. . . .
>
> 22. Defendant Riley and Defendant Ashby were tasked with the responsibility of conducting a thorough and

-6-

reasonable investigation of Plaintiff's Claim, including fully quantifying: 1) the damage to the structure of Plaintiff's business; 2) Plaintiff's business personal property losses; and 3) Plaintiff's business income losses.

23. Defendant Riley and Defendant Ashby failed to fully quantify Plaintiff's damages, thus demonstrating that they did not conduct a thorough investigation of the Claim. These Defendants failed to fairly evaluate and adjust Plaintiff's Claim as they are obligated to do under the terms of the Policy and Texas law. By failing to properly investigate the Claim, and by undervaluing the claim, these Defendants engaged in unfair settlement practices by misrepresenting material facts to Plaintiff – the true value of Plaintiff's covered loss. Defendant Riley and Defendant Ashby also failed to provide Plaintiff a reasonable explanation as to why Defendant ASIC was not compensating Plaintiff for the full value of Plaintiff's covered losses.

24. In summary, Defendant Riley and Defendant Ashby individually engaged in unfair settlement practices by:

> a) Misrepresenting to Plaintiff material facts or policy provisions relating to the coverage at issue;
>
> b) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant ASIC's liability under the Policy was reasonably clear;
>
> c) Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant ASIC's denial of the Claim or offer of a compromise settlement of the Claim; and/or
>
> d) Failing to conduct a reasonable investigation of Plaintiff's Claim.

25. Each of the foregoing unfair practices was completed knowingly by Defendant Riley and Defendant Ashby and was a producing cause of Plaintiff's injuries and damages.[14]

---

[14]Plaintiff's Original Petition, Exhibit A attached to Notice of Removal, Docket Entry No. 1, ¶¶ 15, 21-25.

In addition, ABI asserted against all defendants claims of common law fraud and of violation of the Texas Deceptive Trade Practices Act.[15]

**B.   ABI's Intent to Pursue Claims Against Riley**

ASIC asserts that the first of three inquiries a court must consider in evaluating improper joinder is whether it appears from the state court petition that the plaintiff actually intended to sue the non-diverse defendant.[16]   In support of this proposition ASIC cites First Baptist Church v. Guideone Mut. Ins. Co., 2008 WL 4533729, at *8 (E.D. Tex. 2008) ("The court ascertains whether 'the record . . . support[s] any inference that [plaintiff] intended to actively pursue claims against [the allegedly improperly joined defendant].'").   ASIC has not pointed to any decision by the Southern District of Texas that requires this inquiry, however, and the Fifth Circuit case cited by ASIC does not actually identify the inquiry as an independent ground for finding improper joinder.   See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999) (noting, after concluding that the plaintiff's pleadings do not set forth actionable claims against the instate defendant, that "Moreover, the record does not support any inference that Griggs intended to actively pursue claims against Blum.").   The court concludes that the proper test for improper

---

[15]Id. ¶¶ 28-32.

[16]ASIC's Response, Docket Entry No. 8, pp. 2-3.

joinder is the one articulated in <u>Smallwood</u>, that is, whether the defendant has shown that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the defendant in state court. <u>Smallwood</u>, 385 F.3d at 573. Whether the plaintiff actually intends to pursue claims against the instate defendant is merely a subset of that test.

In any event, to the extent that ABI's intent to pursue claims against Riley is relevant, the court concludes that the state court petition supports an inference that ABI intends to pursue claims against Riley. The fact that ABI's complaint brings claims against Riley and Ashby individually in paragraphs 21-25 supports this conclusion.[17] Riley is also named as a defendant in the Certificate of Interested Persons ABI submitted to the court on March 26, 2010 (Docket Entry No. 4). ASIC argues that ABI's failure to serve Riley properly establishes that ABI does not intend to pursue claims against Riley. ASIC presents a docket sheet from the Harris County District Clerk, dated March 10, 2010, as evidence that ABI has not served Riley.[18] This docket sheet does not establish that ABI did not serve Riley after that date, however, nor does it establish that ABI has made no efforts to serve Riley. ASIC has not shown that ABI does not intend to pursue claims against Riley.

---

[17]<u>See</u> Plaintiff's Original Petition, Exhibit A attached to Notice of Removal, Docket Entry No. 1, ¶¶ 21-25.

[18]Docket Sheet in Cause 201005441, March 10, 2010, Exhibit B to Notice of Removal, Docket Entry No. 1.

**C.   The Sufficiency of ABI's Claims Against Riley**

In order to avoid remand ASIC must prove that there is no reasonable possibility that ABI will be able to establish a cause of action against Riley in state court.   The parties do not dispute that Texas law recognizes a cause of action against an insurance adjuster for violations of the Texas Insurance Code and for common law fraud.   See, e.g., Liberty Mutual Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998); Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 282 (5th Cir. 2007); Blanchard v. State Farm Lloyds, 206 F.Supp.2d 840, 845 (S.D. Tex. 2001) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999)).   ASIC argues that Riley was improperly joined because ABI's complaint only alleges Insurance Code boilerplate, and fails to allege any facts against Riley that could support liability for violations of the DTPA, Insurance Code, or common law fraud.   The court does not agree.

ABI's complaint alleges that its property was damaged, that Riley was tasked with handling the insurance claim and communicating with ABI about it, and that Riley failed to fulfill these tasks to the standard required by the Texas Insurance Code. These allegations, if proven true, would create a reasonable possibility that ABI could prevail in its claims against Riley. ASIC has presented no evidence disproving these allegations. Because the court must consider all allegations in the state court petition in the light most favorable to the plaintiff, see

-10-

Guillory, 434 F.3d at 308, the court cannot conclude that there is no reasonable basis to predict that ABI might recover against Riley.  Remand is therefore appropriate.

This result is consistent with three recent Southern District of Texas opinions with similar facts.  See Davis v. Travelers Lloyds of Texas Ins. Co., 2009 WL 3255093 (S.D. Tex. 2009); Leisure Life Senior Apartment Housing II, Ltd. v. Lloyds of London, 2009 WL 3834407 (S.D. Tex.); CD Mgmt. Corp. v. Nationwide Prop. & Cas. Ins. Co., No. H-09-1701 (S.D. Tex. 2009).  These cases each dealt with Hurricane Ike claims in which the plaintiff brought claims similar to those in the present action against an insurance company and an instate claims adjuster.  In each case the defendant failed to present evidence showing that the plaintiff had no reasonable possibility of recovering against the instate defendant, and in each case the court remanded the action to state court.

ASIC points to three recent Southern District of Texas opinions in similar cases in which the court denied remand on the grounds that the instate insurance adjuster had been joined improperly.  The court is not persuaded that those opinions point to a different result in this action, however, because in each of those cases the defendant presented evidence that strongly indicated that recovery against the instate adjuster would be unlikely.  In both Jimenez v. Travelers Indemnity Company, 2010 WL 1257802, at *4 (S.D. Tex.), and in Lakewood Chiropractic Clinic

-11-

v. Travelers Lloyds Insurance Company, 2009 WL 3602043, at *4 (S.D.
Tex.), the defendants presented evidence that the instate adjuster
named as the defendant was not the adjuster who had analyzed and
denied the claim.  In Frisby v. Lumbermens Mutual Casualty Company,
2007 WL 2300331, at *5 (S.D. Tex.), the defendant presented deposi-
tion testimony by the plaintiff that the instate defendant "never
made any untrue statements to him, never failed to tell him an
important fact, and never made a statement in a way that led him to
a false conclusion."   In those cases the defendants provided
evidence from which the court could conclude that the plaintiff had
no reasonable possibility of recovering against the instate
defendant.  ASIC has provided the court with no such evidence.
Furthermore, in Jimenez and Lakewood the plaintiffs' petitions
provided less specificity about the claims against the instate
defendant than is present in ABI's complaint.  See Jimenez, 2010
WL 1257802, at *2; Lakewood, 2009 WL 3602043, at *3.  In both cases
all claims brought against the instate adjuster were brought
jointly against the insurance company.  ABI's complaint brings
claims against the individual defendants separately from the claims
brought against ASIC or against all defendants.  The court
concludes that while denial of remand was appropriate in Jimenez,
Lakewood, and Frisby because of the pleadings and evidence
presented in those cases, the pleadings in this action, in the
absence of any contrary evidence presented by ASIC, require remand.

-12-

## IV.  <u>Conclusion and Order</u>

For the reason explained above, the court concludes that ASIC has failed to prove that ABI has no reasonable possibility of recovering against Riley.  Because ASIC has failed to establish that Riley was improperly joined, the court lacks diversity jurisdiction over this action, and must therefore remand the action to state court.  Plaintiff's Opposed Motion to Remand (Docket Entry No. 7) is **GRANTED**, and this action is **REMANDED** to the 129th District Court of Harris County, Texas.  The clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 28th day of April, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE